PER CURIAM.*
| finding the Court of Appeal erred in failing to recognize and address the effect of Nunez v. Commercial Union Ins. Co., 00-3062 (La.2/16/01), 780 So.2d 348, to the facts of this case and in reversing the District Court’s dismissal of plaintiffs’ claims against Woman’s Hospital, we grant this writ for the limited purpose of clarifying the proper effect of the Court of Appeal’s judgment.
On January 19, 2003, Zaidra Grimes was admitted to Woman’s Hospital in labor under the care of obstetrician/gynecologist Dr. Karen Solar. During the course of delivery, a shoulder dystocia complication arose when the baby’s shoulder became lodged on Ms. Grimes’s pubic bone. Ms. Grimes underwent the McRobert’s maneuver with suprapubic pressure applied, and a baby girl, Zavian Walker, was born. It was later determined Zavian suffered a brachial plexus injury during delivery.
Subsequently, Ms. Grimes, individually and on behalf of her minor child, Zavian, and Paul Walker, Zavian’s father (collectively plaintiffs), filed a medical malpractice complaint against Dr. Solar, Woman’s Hospital, and Dr. Timothy George |2Andrus, the obstetrician/gynecologist, who oversaw Ms. Grimes’s prenatal care. The medical review panel found no breach of the appropriate standard of care by either physician or Woman’s Hospital. Thereafter, on January 17, 2006, plaintiffs filed the instant malpractice suit against Dr. Solar, Dr. Andrus, Woman’s Hospital, and Louisiana Medical Mutual Insurance Company (LAMMICO). On February 28, 2007, Woman’s Hospital filed a motion for summary judgment, arguing liability under the law of respondeat superior should not attach to the hospital for any negligence at issue because the nurses employed by the hospital, who aided in the delivery, were under the immediate supervision and control of Dr. Solar, as opposed to the hospital itself. The District Court granted the motion, from which judgment only co-defendants, Dr. Solar, Dr. Andrus, and LAMMICO, appealed. Plaintiffs did not answer the appeal. The Court of Appeal, First Circuit reversed, finding the “dual employer” doctrine attached liability to both the supervising physician, Dr. Solar, as well as the general employer of the nurses, Woman’s Hospital. Grimes v. Louisiana Medical Mut. Ins. Co., 09-0292 (La.App. 1 Cir. 9/11/09), 29 So.3d 505.
Woman’s Hospital now seeks review in this Court, contending plaintiffs’ failure to appeal the initial summary judgment limits the effect of the subsequent appellate judgment such that it may operate only for the benefit of its co-defendants, who actually appealed, and not for the benefit of the plaintiffs, who failed to appeal and, consequently, allowed summary judgment to become final as between themselves and Woman’s Hospital. In opposition, the co- *217 defendants request the trier of fact ultimately be permitted to allocate fault against Woman’s Hospital.
In Nunez, this Court held “[w]hen a judgment dismisses one of several cumu-lated claims by the plaintiff, the plaintiff must appeal that adverse judgment to obtain affirmative relief.” 00-3062 at p. 1, 780 So.2d at 349. Consequently, the | ¿judgment of dismissal acquires the authority of a thing adjudged when the plaintiff fails to appeal the dismissal of his action. Id. at p. 2, 780 So.2d at 349. In such eases, the filing of an appeal from the judgment of the trial court by another party only brings “up on appeal the portions of the judgment that were adverse to [that party],” but not “the portions of the judgment that were adverse to plaintiffs.” Id. at p. 2, 780 So.2d at 349.
In the present case, when plaintiffs failed to appeal or answer the appeal, the summary judgment dismissing Woman’s Hospital acquired the authority of a thing adjudged and is now final between the parties. Therefore, the Court of Appeal erred in reversing the District Court’s dismissal of plaintiffs’ claims against Woman’s Hospital.
Nevertheless, the co-defendants’ filing of an appeal from the summary judgment “brought up on appeal the portions of the judgment that were adverse to [them].” See Nunez, 00-3062 at p. 2, 780 So.2d at 349. While Woman’s Hospital cannot be cast in judgment, these defendants, if they are able to prove the fault of the hospital’s employees/nurses, are still entitled to a reduction in judgment by the percentage of fault allocated to the hospital in accordance with the general principles of comparative fault set forth in La. Civ.Code art. 2323(A).
Accordingly, we amend the Court of Appeal’s judgment to delete any language reversing the District Court’s dismissal of plaintiffs’ claims against Woman’s Hospital and affirm the judgment as amended.
AMENDED and AFFIRMED AS AMENDED.

 Kimball, C.J., did not participate in the deliberation of this opinion.