# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 14-501 consolidated with 14-502

**STATE FARM MUTUAL AUTOMOBILE INS. CO., ET AL.**

**VERSUS**

**NANCY MCCABE, ET VIR.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 246,039 C/W 246,564
HONORABLE THOMAS MARTIN YEAGER, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**ULYSSES GENE THIBODEAUX**
**CHIEF JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and Billy Howard Ezell, Judges.

**AFFIRMED.**

Mickey Stephens deLaup
Thomas Paul Anzelmo, Jr.
Mickey S. deLaup, APLC
2701 Metairie Road
Metairie, LA 70001
Telephone:  (504) 828-2277
COUNSEL FOR:
    Defendants/Appellants – John McCabe and Nancy McCabe

Terry George Aubin
3600 Jackson Street – Suite 107
Alexandria, LA 71303
Telephone:  (318) 561-7000
COUNSEL FOR:
    Defendant/Appellee – Stephan Guillory

**James Everet Brouillette**
**3330 Lake Villa Drive – Suite 202**
**Metairie, LA 70002**
**Telephone:  (504) 378-0256**
**COUNSEL FOR:**
    **Plaintiff/Appellee – State Farm Mutual Automobile Insurance Co.**

**Misty Shannon Antoon**
**600 DeSoto Street**
**Alexandria, LA 71301**
**Telepohone:  (318) 448-8111**
**COUNSEL FOR:**
    **Defendants/Appellees – City of Alexandria and Stephan Guillory**

**Derrick G. Earles**
**The Laborde Law Firm**
**306 N. Washington Street – Suite A**
**Marksville, LA 71351**
**Telephone:  (318) 777-7777**
**COUNSEL FOR:**
    **Plaintiffs/Appellees – Nicole Bordelon and Kenny Bordelon**

**Emily G. Meche**
**Brian Caubarreaux & Associates**
**P. O. Box 129**
**Marksville, LA 71351**
**Telephone:  (318) 253-0900**
**COUNSEL FOR:**
    **Intervenor/Appellee – Brian M. Caubarreaux**

**THIBODEAUX, Chief Judge.**

In this dispute following a vehicular collision, the trial court dismissed two defendants, Steven Guillory, defendant driver, and his employer, City of Alexandria, pursuant to granting their motion for summary judgment. Mr. Guillory collided with livestock roaming on a closed-range highway and then with another vehicle, driven by plaintiff, Ms. Bordelon. The remaining defendants, John and Nancy McCabe, the owners of the livestock, appealed, arguing that genuine issues of material fact exist as to the negligence of Mr. Guillory and his comparative fault in bringing about the injury to Ms. Bordelon. Reasoning that the liability of livestock owners under the stock-laws does not also preclude finding third-party liability under the comparative fault regime, we affirm the trial court's grant of partial summary judgment, but conclude the McCabes are entitled to a reduction in any judgment rendered against them for the comparative fault, if any, of Mr. Guillory and the City of Alexandria.

I.

**ISSUE**

We shall consider: (1) whether the trial court erred in granting summary judgment, resulting in the dismissal of defendants Stephen Guillory and the City of Alexandria, and (2) whether a judgment rendered against defendants John and Nancy McCabe should be reduced in accordance with the potential comparative fault of defendants Stephen Guillory and the City of Alexandria, even after being dismissed by summary judgment.

## FACTS AND PROCEDURAL HISTORY

On February 14, 2012, Steven Guillory collided with three cows on LA Highway 1, a designated closed-range highway under the stock-law statutes. Mr. Guillory was driving a vehicle owned by the City of Alexandria, his employer, and was in the course and scope of employment. After colliding with the cows, Mr. Guillory's vehicle collided with a vehicle driven by Nicole Bordelon, who was following the cows while traveling in the opposite direction.

It is undisputed that the cows belonged to John and Nancy McCabe and had inexplicably escaped from their fenced-in pasture. The cows were dark brown in color and had wandered into the roadway from the McCabe's property. The collision occurred at night and this portion of the highway was not lit, making the cows difficult to see.

Ms. Bordelon had come upon the cows while driving home and slowed to follow behind them. She called to notify the Sheriff's Department of their presence and then continued to follow behind the cows to alert oncoming drivers. When Mr. Guillory approached from the opposite direction, Ms. Bordelon began flashing her high-beam lights to alert him to the cows in the roadway. Mr. Guillory did not understand the warning and continued driving at the 55 mph speed limit. Mr. Guillory flashed his high-beams back at Ms. Bordelon to indicate he had been driving with his low-beam lights on and not his high-beam lights. Mr. Guillory soon after struck the three cows in the roadway. Mr. Guillory denies ever seeing the cows before impact.

Suit was first filed by State Farm Mutual Automobile Insurance, Ms. Bordelon's insurer, for the property damages to the Bordelon vehicle. A second

suit was subsequently filed by Ms. Bordelon. The two suits were consolidated. The City of Alexandria and Stephan Guillory moved for summary judgment following discovery. The trial judge concluded there was no genuine issue of material fact and granted partial summary judgment, dismissing the City of Alexandria and Stephan Guillory. John and Nancy McCabe appeal the grant of partial summary judgment. Neither State Farm nor Ms. Bordelon appealed.

III.

## STANDARD OF REVIEW

When an appellate court reviews the grant or denial of a motion for summary judgment, it applies the de novo standard of review, "using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate." *Gray v. Am. Nat'l Prop. & Cas. Co.*, 07-1670, p. 6 (La. 2/26/08), 977 So.2d 839, 844 (quoting *Supreme Serv. & Specialty Co., Inc. v. Sonny Greer*, 06-1827, p. 4 (La. 5/22/07), 958 So.2d 634, 638). The motion for summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, admissions, and affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B).

IV.

## LAW AND DISCUSSION

Appellants assert that there exist genuine issues of material fact that prevent granting summary judgment to Mr. Guillory and the City of Alexandria. Appellants also assert that summary judgment would be improper under the current facts based on the comparative fault regime. We agree that the actions of Mr.

3

Guillory and the City of Alexandria should be considered under the comparative fault regime, but are prevented from determining whether these defendants were properly dismissed by summary judgment.

**Summary Judgment**

When a party appeals a judgment of the trial court, the party may only appeal "the portions of the judgment that were adverse to [that party]." *Nunez v. Commercial Union Ins. Co.*, 00-3062, p. 2 (La. 2/16/01), 780 So.2d 348, 349. In *Grimes v. Louisiana Medical Mutual Insurance Co.*, 10-39 (La. 5/28/10), 36 So.3d 215, after one defendant was dismissed by summary judgment, the remaining co-defendants appealed. The supreme court held that the court of appeal could not determine the appropriateness of summary judgment when the plaintiff did not appeal the judgment dismissing a party. *Id*. The failure of the plaintiff to appeal caused the judgment to "acquire the authority of a thing adjudged and is now final between the parties." *Id*. at 217. The supreme court therefore determined the court of appeal erred in reversing the district court's grant of summary judgment. *Grimes*, 36 So.3d 215.

Plaintiffs, State Farm and Ms. Bordelon, did not appeal the grant of summary judgment dismissing Mr. Guillory and the City of Alexandria as defendants in the suit. The McCabes, co-defendants in the dispute, appeal the dismissal. Therefore, because the judgment between the dismissed defendants and plaintiffs has now been adjudged and is final, the failure of Ms. Bordelon or State Farm to appeal prevents this Court from determining whether summary judgment was proper. The district court's grant of partial summary judgment is affirmed.

4

## Comparative Fault

Though the grant of summary judgment may not be disturbed on appeal under *Grimes*, the filing of an appeal by the McCabes "'brought up on appeal the portions of the judgment that were adverse to [them].'" *Id*. at 217. Therefore, while Mr. Guillory and the City of Alexandria cannot be cast in judgment, the McCabes may be "entitled to a reduction in judgment by the percentage of fault allocated to [Mr. Guillory and the City of Alexandria] in accordance with the general principles of comparative fault set forth in La.Civ.Code art. 2323(A)." *Id.*

The City of Alexandria and Mr. Guillory argue that they are not liable because the accident occurred on a stock-law highway and Mr. Guillory had no duty to maintain a lookout for roaming livestock. Under La.R.S. 3:2803, a livestock owner will not "knowingly, willfully, or negligently permit his livestock to go at large" upon specified Louisiana highways. To dispel liability, a livestock owner who is in violation of La.R.S. 3:2803 must establish that the cause of the injury "was the result of an independent cause," which includes the actions of a third party. *Church v. Shrell*, 43,972, p. 5 (La.App. 2 Cir. 1/21/09), 8 So.3d 70, 73.

The City of Alexandria and Mr. Guillory posit that because the McCabes cannot dispel with their liability in such a manner, they are fully liable and, therefore, Mr. Guillory is not liable at all. *Buller v. American National Property & Casualty Cos.*, 02-820 (La.App. 3 Cir. 2/5/03), 838 So.2d 67 concludes, however, that the liability of the livestock owner does not prevent partial liability of a third party under comparative fault. This court in *Buller* held that plaintiff's momentary lapse in attentiveness to the road prevented him from seeing the livestock in the road. *Id.* Without such distraction, the record presented

5

no other reason for why the plaintiff should not have seen the cow in the road. *Id.* This court affirmed the trial court's judgment to apportion plaintiff 75% of fault, even though the livestock owner could not exculpate himself from liability under the stock-laws. *Id.* Therefore, the question is not whether the McCabes are at fault as owners of the livestock under La.R.S. 3:2802, but whether Mr. Guillory was negligent in his duty to drive as a prudent driver.

In this case, the decision is whether Mr. Guillory's conduct, his failure to see the cows and his failure to slow when blinded by high-beam lights, was negligent. Comparative fault in Louisiana allows a percentage of fault to be assigned to all parties contributing to the injury or loss. This distribution is made "regardless of whether the person is a party to the action or a nonparty . . . or that the other person's identity is not known or reasonably ascertainable." La.Civ.Code art. 2323. "Comparative negligence is determined by the reasonableness of the party's behavior under the circumstances." *Khaled v. Windham*, 94-2171, p. 4 (La.App. 1 Cir. 6/23/95), 657 So.2d 672, 676. The determination of Mr. Guillory's fault and percentage of fault in this collision is appropriate for jury determination.

V.

**CONCLUSION**

For the foregoing reasons, the grant of partial summary judgment is affirmed. Any judgment cast against the McCabes should be determined and reduced in accordance with the general principles of comparative fault after considering the potential liability of all parties involved.

Costs of this appeal are taxed against John and Nancy McCabe.

**AFFIRMED**.

6