# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 19-457

**JEFF LANDRY, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE STATE OF LOUISIANA**

**VERSUS**

**SARA DUPLECHAIN, ET AL.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 104,728, DIVISION F
HONORABLE DAVID MICHAEL SMITH, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## D. KENT SAVOIE
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Phyllis M. Keaty, and D. Kent Savoie, Judges.

**MOTION TO DISMISS GRANTED.**
**APPEALS DISMISSED.**

**Anthony Jerome Fontana, Jr.**
**Attorney at Law**
**210 N. Washington St.**
**Abbeville, LA 70510**
**(337) 898-8332**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Anthony Fontana, Jr.**

**Robert Lloyd Hammonds**
**Tyrell T. Manieri, III**
**Hammonds, Sills, Adkins & Guice, LLP**
**2431 S. Acadian Thruway #600**
**Baton Rouge, LA 70808**
**(225) 923-3462**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Vermilion Parish School Board**

**Carey T. Jones**
**David Jeddie Smith**
**Lauryn Anneliese Sudduth**
**Asstitant Attorneys General**
**Louisiana Department of Justice**
**P. O. Box 94005**
**Baton Rouge, LA 70802**
**(225) 326-6000**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Jeff Landry, Attorney General of the State of Louisiana**

**L. Lane Roy**
**Kelly F. Walsh**
**Brown Sims**
**600 Jefferson St., Suite 800**
**Lafayette, LA 70501**
**(337) 484-1240**
**COUNSEL FOR INTERVENOR/APPELLANT:**
    **Jerome Puyau, Superintendent, Vermilion Parish School Board**

**Brian F. Blackwell**
**Blackwell And Associates**
**8322 One Calais Avenue**
**Baton Rouge, LA 70809**
**(225) 769-2462**
**COUNSEL FOR INTERVENOR/APPELLEE:**
    **Vermilion Association of Educators, Inc.**

**Jonas Mark Robinson**
**Attorney at Law**
**412 N. 4th St., Ste. 329**
**Baton Rouge, LA 70802**
**(225) 246-2133**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Sara Duplechain**
    **Laura LeBeouf**
    **Kebbie Pillette**

**Jonathan A. Tweedy**
**Brown Sims**
**1100 Poydras St., 39th Floor**
**New Orleans, LA 70163**
**(504) 262-2958**
**COUNSEL FOR INTERVENOR/APPELLANT:**
    **Jerome Puyau, Superintendent, Vermilion Parish School Board**

**Dylan T. Heard**
**Mueller, Merritt & Heard**
**200 Cesco Drive**
**Lafayette, LA 70506**
**(337) 534-8474**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **Anthony Fontana, Jr.**
    **Chris Hebert**
    **Stacy Landry**
    **Chris Gautreaux**

**Justin Merritt**
**Attorney at Law**
**220 S. Jefferson St.**
**Abbeville, LA 70510**
**(337) 522-3791**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Vermilion Parish School Board**

**SAVOIE, Judge.**

Jerome Puyau, the Superintendent for the Vermilion Parish School Board ("School Board"), as well as other individual school board members, appeal a judgment rendered against the School Board. For the following reasons, we dismiss the appeals.

## FACTUAL AND PROCEDURAL BACKGROUND

This action arises out of the January 8, 2018 special meeting of the School Board, which was held solely to discuss and renew Mr. Puyau's contract.

On March 8, 2018, based upon a citizen's complaint, the Attorney General, Jeff Landry ("Attorney General"), filed a petition seeking to enforce Louisiana's Open Meetings Law[1] against the School Board, Mr. Puyau, and the following individual school board members: Sara Duplechain, Anthony Fontana, Chris Gautreaux, Chris Hebert, Stacy Landry, Laura Lebeouf, J.B. Moreno, and Kibbie Pillette ("Defendants"). The petition alleged that public comment on each agenda item was not permitted as required under the Open Meetings Law. It further alleged that a teacher, Ms. Deyshia Hargrave, was prohibited from commenting on an

---

[1] Louisiana Revised Statutes 42:15 states as follows:

> A. Notwithstanding any other law to the contrary, each school board subject to the provisions of this Chapter, except as provided in Subsection B of this Section, shall allow public comment at any meeting of the school board prior to taking any vote. The comment period shall be for each agenda item and shall precede each agenda item.
>
> . . . .
>
> C. For purposes of this Section, a comment period for all comments at the beginning of a meeting shall not suffice to meet the requirements . . . of this Section.

Louisiana Revised Statutes 42:24 states "Any action taken in violation of this Chapter shall be voidable by a court of competent jurisdiction[,]" and La.R.S. 24:25(A) states "The attorney general shall enforce the provisions of this Chapter throughout the state. He may institute enforcement proceedings on his own initiative and shall institute such proceedings upon a complaint filed with him by any person[.]"

agenda item, improperly removed from the meeting, and arrested. The petition sought a declaratory judgment finding that Defendants violated the Open Meetings Law, injunctive relief requiring Defendants to abide by the Open Meetings Law, as well as civil penalties under La.R.S. 42:28,[2] attorney fees, and costs. The petition further sought a judgment declaring

> all action taken at the January 8, 2018 School Board meeting should be declared null and void and without legal effect, including, but not limited to, declaration that the contract of the parish Superintendent approved at the January 8, 2018 public meeting of the Vermilion Parish School Board is null and void and that any monies paid by way of an increase to the Superintendent's salary thereunder should be reimbursed to the School System.

On March 12, 2018, the Vermilion Association of Educators, Inc. ("VAE") filed a petition to intervene as a plaintiff, naming as defendants the School Board, Mr. Puyau, Mr. Fontana, Mr. Gautreaux, Mr. Hebert, Mr. Landry, and Mr. Moreno. VAE sought a declaratory judgment finding that these defendants violated the Open Meetings Law and "declaring that all action taken at the January 8, 2018 special meeting of the Vermilion Parish School Board to be null, void and without legal effect." It also sought injunctive relief, civil penalties, attorney fees, and costs.

On May 21, 2018, Mr. Puyau, along with the other Defendants, filed various exceptions, including an exception of no cause of action, asserting:

> [p]laintiff has no cause of action under the Open Meetings Law ("OML") against Jerome Puyau. Plaintiff does not allege that Puyau is a member of the Board and the OML does not provide a cause of action against a person who is a public official and/or employee of the Board, such as the Board's superintendent[.]

---

[2] Louisiana Revised Statutes 42:28 states:

> Any member of a public body who knowingly and wilfully participates in a meeting conducted in violation of this Chapter, shall be subject to a civil penalty not to exceed one hundred dollars per violation. The member shall be personally liable for the payment of such penalty. A suit to collect such penalty must be instituted within sixty days of the violation.

2

In opposition to Defendants' exceptions, VAE submitted a memorandum to the trial court arguing that Defendants' exception of no cause of action as to Mr. Puyau should be denied because he is required to be joined as a party under La.Code Civ.P. art. 641 given his interest in the claims seeking to void his contract.

In response, Defendants, including Mr. Puyau, submitted an additional memorandum stating "[t]he Open Meetings Law does not provide a cause of action against a school board employee, such as its Superintendent, Jerome Puyau . . . . Nor is the Superintendent an 'indispensable party' to this action."

Following a hearing on Defendants' exceptions, the trial court signed an order, *inter alia,* granting Defendants' exception of no cause of action as to Mr. Puyau and dismissing "all actions, claims[,] demands, issues or theories asserted herein" against him.

On August 30, 2018, the Attorney General filed a motion seeking to dismiss its individual claims against Ms. Duplechain, Ms. LeBeouf, Mr. Pillette, and Mr. Moreno, and an order dismissing those parties was signed September 6, 2018. On September 17, 2018, VAE filed a motion to dismiss its claims against Mr. Moreno, and an order granting the motion was signed the same day. As a result, the only remaining claims were the Attorney General's and VAE's claims against the School Board, Mr. Fontana, Mr. Landry, Mr. Gautreaux, and Mr. Hebert.

On September 10, 2018, the Attorney General and VAE, along with the School Board and defendants Mr. Fontana, Mr. Landry, Mr. Gautreaux, and Mr. Hebert, submitted a stipulation agreeing "[t]hat the determination of whether or not defendant, Vermilion Parish School Board, violated the Open Meetings Law at its meeting January 8, 2018 and if so, the remedy therefore shall be submitted to the Court on the following documents and evidence," which included the transcript from

the meeting, a video of the meeting, and an audio recording of the meeting. The parties further agreed "that the liability of the individual Board Members shall be bifurcated and reserved for further proceedings, following a determination of the liability, *vel non*, of the School Board." An order accepting the stipulation of the parties was signed by the trial court on September 11, 2018.

The trial court thereafter rendered judgment on January 10, 2019, in favor of the Attorney General and VAE, and against the School Board, enjoining the School Board to adhere to the Open Meetings Law with respect to public comment at future meetings of the School Board, decreeing that all action taken at the January 8, 2018 meeting was null and void, and awarding attorney fees and costs to VAE. Also on January 10, 2019, the trial court signed an order designating its judgment against the School Board as a final and appealable judgment.

The School Board did not appeal the judgment rendered against it. However, Mr. Puyau, as well as defendants Mr. Fontana, Mr. Gautreaux, Mr. Hebert, and Mr. Landry, have appealed the trial court's judgment rendered against the School Board.

## MR. PUYAU'S APPEAL

The Attorney General has filed a motion with this court seeking to dismiss Mr. Puyau's appeal given the trial court's prior dismissal of Mr. Puyau from this action in connection with its granting of Mr. Puyau's own exception of no cause of action. The Attorney General argues that dismissal is appropriate under the doctrine of judicial estoppel, as recognized by the Louisiana Supreme Court in *Webb v. Webb,* 18-320, p. 9 (La. 12/5/18), 263 So.3d 321, 328, which the supreme court "has unanimously observed" as "an equitable doctrine designed to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." (Internal citations omitted.) The

4

Attorney General further argues that dismissal is appropriate because Mr. Puyau is not a person who could have intervened in the trial court and therefore has no right of appeal under La.Code Civ.P. art. 2086, and also because La.Code Civ.P. art. 644 provides that a party with a justiciable interest who declines participation in litigation is precluded from thereafter asserting his rights.

In response, Mr. Puyau argues his appeal of the judgment rendered against the School Board should be allowed to go forward under La.Code Civ.P. art. 2086 because he could have intervened in the trial court. He further argues that the common law doctrine of judicial estoppel is only "questionably applied" in Louisiana, but assuming that it is applicable, he did not take inconsistent positions. Rather, he claims his position taken with respect to the no cause of action exception was that the Open Meetings Law applies only to public bodies and not public officials or employees of a public board, whereas, his position taken on appeal is that the trial court's finding that the School Board violated the Open Meetings Law and resultant judgment nullifying the approval of Mr. Puyau's contract were in error. In addition, Mr. Puyau argues that once the trial court rendered a judgment that affected his contract, he became entitled to intervene on appeal.

Given that Mr. Puyau is not a party to the action, we consider whether he is a third person who has a right to appeal under La.Code Civ. P. art. 2086, which states "[a] person who could have intervened in the trial court may appeal, whether or not any other appeal has been taken." Louisiana Code of Civil Procedure Article 1091 states as follows regarding intervention:

> A third person having an interest therein may intervene in a pending action to enforce a right related to or connected with the object of the pending action against one or more of the parties thereto by:

5

(1) Joining with plaintiff in demanding the same or similar relief against the defendant;

(2) Uniting with defendant in resisting the plaintiff's demand; or

(3) Opposing both plaintiff and defendant.

We first note that the trial court rendered a final judgment in favor of Mr. Puyau dismissing him as a defendant from the action, which, at all times both before and after Mr. Puyau's dismissal, has involved Plaintiffs' request for declaratory relief rendering his contract null. While Mr. Puyau suggests on appeal that his exception was based solely on his argument that the Open Meetings Law does not provide Plaintiffs with a direct remedy against him, the final judgment at issue is much more inclusive. The judgment states "all actions, claims[,] demands, issues or theories asserted herein against Jerome Puyau . . . are HEREBY DISMISSED." Therefore, it is not limited to a determination that the Open Meetings Law does not provide Plaintiffs with a direct remedy against Mr. Puyau, but by implication also includes a determination that Mr. Puyau was not an indispensable party under La.Code Civ.P. art. 641,[3] despite Plaintiff's argument to the contrary. The judgment

---

[3] Louisiana Code of Civil Procedure Article 641 states:

A person shall be joined as a party in the action when either:

(1) In his absence complete relief cannot be accorded among those already parties.

(2) He claims an interest relating to the subject matter of the action and is so situated that the adjudication of the action in his absence may either:

(a) As a practical matter, impair or impede his ability to protect that interest.

(b) Leave any of the persons already parties subject to a substantial risk of incurring multiple or inconsistent obligations.

6

is consistent with Mr. Puyau's admission to the trial court that he was not such a party. This final judgment was not appealed by Mr. Puyau or by Plaintiffs.[4]

Therefore, given the final judgment rendered in favor of Mr. Puyau, which in part was based upon Mr. Puyau's admission to the trial court that he was not an indispensable party under La.Code Civ.P. art. 641 to an action where his contract was at issue, we conclude that he is not a third party who currently has a right to intervene in the action. The final judgment dismissing him as a defendant precludes him from having a subsequent right to intervene in the action under La.Code Civ.P. art. 1091. Had he wished to remain in the action as a defendant, he should have appealed the scope of the dismissal rendered in his favor. Because we find no basis upon which Mr. Puyau may appeal the judgment rendered against the School Board, we hereby grant the Attorney General's motion and dismiss Mr. Puyau's appeal.

## INDIVIDUAL SCHOOL BOARD MEMBERS' APPEAL

The individual school board members have also appealed and assert the following assignments of error:

I.      [t]he district court erred in finding that the Vermilion Parish School Board failed to allow public comment prior to each agenda item during the January 8, 2018 meeting[;]

II.     [t]he district court erred in finding that Deyshia Hargrave was not allowed to publicly comment on the "Audience Concerns for the Superintendent" agenda item[;]

III.    [t]he district court erred, as a matter of law, in finding that a failure by the Vermilion Parish School Board to allow Deyshia Hargrave to comment during "Audience Concerns for the Superintendent" constituted a violation of the Open Meetings Law[;]

---

[4] Given the finality of the judgment dismissing Mr. Puyau from the action, we do not consider the merits of that decision, including whether he was required to be joined in accordance with La.Code Civ.P. art. 641.

IV.     [t]he district court erred, as a matter of law, in finding that the Vermilion Parish School Board violated the Open Meetings Law during its January 8, 2018 meeting[; and]

V.      [t]he district court erred, as a matter of law, in rendering all action taken at the January 8, 2018 meeting null, void, and without legal effect because there was no violation of the Open Meetings Law.

We first note that while the individual school board members are parties to this action, they "may only appeal 'the portions of the judgment that were adverse to [them].'" *State Farm Mut. Auto Ins. Co. v. McCabe*, 14-501, p. 4 (La.App. 3 Cir. 11/5/14), 150 So.3d 595, 598, *quoting Nunez v. Commercial Union Ins. Co.*, 00-3062, p. 2 (La. 2/16/01), 780 So.2d 348, 349.

The judgment at issue on appeal states that the case "was submitted to the [trial] court for decision upon documentary evidence pursuant to a Stipulation . . . and an Order entered on September 11, [2018] accepting the Stipulation and bifurcating the claims against the Vermilion Parish School Board and the claims for civil penalties against the individual School Board members[.]" It further renders judgment in favor of the plaintiffs "**and against the defendant, Vermilion Parish School Board**" (emphasis added), and renders the following relief:

> IT IS ORDERED ADJUDGED AND DECREED that there be judgment herein . . . against the defendant Vermilion Parish School Board . . . enjoining, directing and ordering the Vermilion Parish School Board to strictly adhere to and abide by the Open Meetings Law with respect to public comment at future meetings of the Board.

> IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that all action taken at the January 8, 2018 special meeting of the Vermilion Parish School Board is null, void, and without legal effect;

> IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Court awards to Vermilion Parish Association of Educators, Inc. attorney's fees in the among of $32,500 and expenses in the amount of $7,445.77.

8

Further, the trial court's January 10, 2019 order designating the judgment against the School Board as final makes clear that "the remaining claims against the individual school board member defendants for civil penalties are distinct, severable and governed by different standards of liability[.]"

Therefore, the judgment at issue on appeal cannot be said to be adverse to the individual school board members, but rather only to the School Board. This judgment, as written, has no effect on the rights of the individual school board members and does not preclude them from presenting evidence or argument in defense of Plaintiffs' claims against them, which are, as recognized by the judgment, separate and distinct from those ruled upon.

On appeal, the individual school board members ask this court to review various *factual findings* made by the trial court that form the basis of the judgment rendered against the School Board. However, it is "well-settled . . . that the district court's oral or written reasons for judgment form no part of the judgment, and that the appellate courts review judgments, not reasons for judgment." *Bellard v. American Cent. Ins. Co.*, 07-1335, 07-1399, p. 25 (La. 4/18/08), 980 So.2d 654, 671. "The written reasons for judgment are merely an explication of the trial court's determinations. They do not alter, amend, or affect the final judgment being appealed[.]" *Wooley v. Lucksinger*, 09-571, pp. 77-78 (La. 4/1/11), 61 So.3d 507, 572, *quoting State in the Interest of Mason*, 356 So.2d 530, 532 (La.App. 1 Cir. 1977). Therefore, because the judgment at issue is not adverse to the individual school board members, it is not appropriate for this court to review factual findings underlying that judgment when the School Board has not appealed that judgment. Even if this court were to agree with the individual school board members that the trial court's factual findings underlying the judgment against the School Board were

in error,[5] this court cannot reverse the judgment, which affects only Plaintiffs' claims against the School Board, when neither the School Board nor Plaintiffs have appealed, and that judgment has become final as to them. *See State Farm Mutual Automobile Insurance Company v. McCabe*, 150 So.3d 595.

Instead, if the trial court should ultimately render a final appealable judgment that is adverse to, or otherwise affects the rights of, the individual school board members, they may then seek an appeal of that judgment and challenge the trial court's basis for the judgment, including the trial court's factual findings, reasoning, and conclusions. The final judgment rendered against the School Board in no way affects the rights of the individual school board members to defend the claims against them at the trial court level, on appeal, or otherwise.

Therefore, we dismiss the individual school board members' appeal of the January 10, 2019 judgment rendered against the School Board.

## CONCLUSION

For the reasons set forth above, we hereby grant the Attorney General's motion to dismiss Jerome Puyau's appeal of the January 10, 2019 judgment rendered against the School Board, and we dismiss that appeal. We further dismiss the appeal of defendants Mr. Fontana, Mr. Gautreaux, Mr. Hebert, and Mr. Landry seeking review of the January 10, 2019 judgment against the School Board. Costs of this appeal are assessed equally to Appellants.

**MOTION TO DISMISS GRANTED.**
**APPEALS DISMISSED.**

---

[5] We are not taking a position at this time regarding the merits of the trial court's factual findings.