761 So.2d 532 (2000)
ST. BERNARD POLICE JURY and Louisiana Insurance Guaranty Association
v.
August D. MURLA.
No. 00-C-0132.
Supreme Court of Louisiana.
June 30, 2000.
*533 Rene Sylvain Paysse, Jr., Alan John Yacoubian, Johnson, Johnson, Barrios & Yacoubian, New Orleans, Counsel for Applicant.
Michael Charles Ginart, Jr., Chalmette, Kim Cooper Jones, Meraux, Richard A. Tonry, Chalmette, Counsel for Respondent.
PER CURIAM.[*]
August Murla was employed by the St. Bernard Parish Police Jury ("Police Jury") as a fireman. In 1989, he was injured in the course and scope of his employment. The Police Jury and its insurer paid Mr. Murla workers' compensation benefits and medical expenses following the accident. Subsequently, the Police Jury's insurer went into liquidation and receivership, and the Louisiana Insurance Guaranty Association ("LIGA") was substituted in its place.
In May 1997, LIGA filed a petition in the Office of Workers' Compensation ("OWC") to reduce Mr. Murla's benefits, alleging that he had refused to cooperate with vocational rehabilitation efforts. This pleading was filed by LIGA without consultation with the Police Jury. In July 1998, LIGA filed a motion to dismiss its petition for reduction of benefits, apparently concluding that it would be unable to produce sufficient proof of its claim that Mr. Murla was uncooperative.
After LIGA voluntarily dismissed its petition, Mr. Murla filed a motion to recover attorney's fees and costs he incurred in defending the petition for reduction of benefits. The motion sought recovery against the Police Jury only and made no reference to LIGA. On December 15, 1998, the workers' compensation judge rendered judgment in favor of Mr. Murla and against the Police Jury, awarding $3,942.50 in fees and costs to Mr. Murla for the Police Jury's "failure to conduct a sufficient investigation prior to filing their Petition to Reduce Benefits."
LIGA, on behalf of the Police Jury, appealed the OWC's judgment. In a split decision, the court of appeal amended the judgment and affirmed it as amended.[1] The court concluded that the workers' compensation judge erred in holding the Police Jury liable for penalties, because the decision to file the petition to reduce benefits was made by LIGA without any input from the Police Jury. Accordingly, the court amended the judgment of the workers' compensation judge to delete the Police Jury and instead cast LIGA for sanctions in the sum of $3,942.50. One judge dissented, finding that because Mr. Murla neither appealed nor answered the appeal, the court was precluded from granting him affirmative relief by granting a judgment against LIGA, a party not cast in judgment by the workers' compensation judge.
On application of LIGA, we granted writs to consider the correctness of the court of appeal's ruling.[2]

DISCUSSION
LIGA argues the court of appeal erred in granting Mr. Murla affirmative relief when he did not appeal from the judgment below. We agree. A party who wishes to have a judgment of the trial court revised, modified, set aside or reversed *534 must appeal. La.Code Civ. P. art. 2082.
In the instant case, the workers' compensation judge rendered a judgment for sanctions solely against the Police Jury. The Police Jury (though LIGA) appealed that judgment. Mr. Murla did not appeal. Therefore, the court of appeal was without authority to grant Mr. Murla affirmative relief by casting LIGA in judgment. This portion of the court of appeal's judgment must be reversed.[3]
In his brief in this court, Mr. Murla attempts to argue that the court of appeal erred in reversing the workers' compensation judge's imposition of sanctions against the Police Jury. Pretermitting the merits of this argument, we find that Mr. Murla failed to apply for writs to this court to object to this portion of the court of appeal's judgment. Accordingly, the judgment of the court of appeal reversing the imposition of sanctions against the Police Jury is now final and definitive. La.Code Civ. P. art. 2166.

DECREE
For the reasons assigned, that portion of the court of appeal's judgment casting the Louisiana Insurance Guaranty Association for sanctions in the amount of $3,942.50 is reversed.
JOHNSON, J., dissents and assigns reasons.
JOHNSON, J., dissenting.
I disagree with the court's ruling that the court of appeal erred in awarding Mr. Murla attorney's fees based upon Louisiana Insurance Guaranty Association's (LIGA) meritless filing to reduce defendant's benefits.
LIGA, without consulting with plaintiffs employer, determined that Mr. Murla's benefits should be reduced because he was "uncooperative." However, realizing that it was unable to satisfy its burden of proof and produce sufficient evidence, LIGA voluntarily dismissed its petition. Plaintiff was required to retain an attorney to fight LIGA's meritless claim and incurred $3,942.50 in legal fees, costs that he would not have otherwise incurred had LIGA investigated its claim prior to filing. OWC awarded attorney's fees to the defendant recognizing this unfair burden. The Fourth Circuit Court of Appeal amended the judgment to cast LIGA with the fees, since LIGA is the party that improperly filed the petition.
I would affirm the decision of the court of appeal.
NOTES
[*] Traylor, J., not on panel. Rule IV, Part II, § 3.
[1] St. Bernard Police Jury v. Murla, 99-0377 (La.App. 4th Cir.11/17/99), 745 So.2d 1264.
[2] St. Bernard Police Jury v. Murla, 00-0132 (La.3/24/00), 757 So.2d 645.
[3] LIGA also raises several other assignments of error concerning the court of appeal's assessment of sanctions against it. Because we conclude the court of appeal's action was procedurally improper, we need not reach these assignments of error.