780 So.2d 348 (2001)
Clayton and Lillian NUNEZ
v.
COMMERCIAL UNION INSURANCE COMPANY, et al.
No. 2000-C-3062.
Supreme Court of Louisiana.
February 16, 2001.
PER CURIAM.
In this automobile accident case, plaintiffs filed cumulated actions against (1) the Calcasieu Parish Sheriff's Department *349 (CPSD), (2) the Louisiana Department of Public Safety and Corrections (DPSC) and (3) Garret Hoffpauir and his insurer. After a jury trial, the trial court rendered a judgment finding the DPSC one hundred percent at fault, and dismissing plaintiffs' actions against the CPSD and Hoffpauir. Thereafter, DPSC filed the only appeal.
On appeal, the court of appeal reapportioned fault, assigning sixty-five percent to the DPSC, fifteen percent to the CPSD, ten percent to Hoffpauir and ten percent to plaintiffs. The DPSC, the CPSD and Hoffpauir then filed applications for certiorari in this court.
While the three applications were pending, plaintiffs settled with the DPSC and the CPSD.
In their application, Hoffpauir and his insurer contend that the judgment of the trial court dismissing plaintiffs' action against them acquired the authority of the thing adjudged when plaintiffs failed to appeal from that judgment.
When a judgment dismisses one of several cumulated claims by the plaintiff, the plaintiff must appeal that adverse judgment to obtain affirmative relief. St. Bernard Police Jury v. Murla, 00-0132 (La.6/30/00), 761 So.2d 532. When plaintiffs failed to appeal the dismissal of their action against the CPSD and Hoffpauir, that judgment of dismissal acquired the authority of the thing adjudged. The DPSC's filing of an appeal from the judgment of the trial court only brought up on appeal the portions of the judgment that were adverse to the DPSC and in favor of the appellees. The DPSC's appeal did not bring up on appeal the portions of the judgment that were adverse to plaintiffs, such as the dismissal of plaintiffs' action against Hoffpauir and his insurer.
The judgment of the court of appeal allocating ten percent fault to Hoffpauir could only flow in favor of the party who appealed (the DPSC) the judgment dismissing Hoffpauir, and could create no benefit to plaintiffs, who did not appeal the judgment of the trial court dismissing plaintiffs' action against Hoffpauir.
Accordingly, the application is granted, that portion of the judgment of the court of appeal in favor of plaintiffs and against Hoffpauir and his insurer is reversed, and plaintiffs' action against Hoffpauir is dismissed.