# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 03-504


**GLENN SMITH, ET AL.**

**VERSUS**

**JIMMIE CUTTS, ET AL.**


************

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT,
PARISH OF RAPIDES, NO. 181,818,
HONORABLE B. DEXTER RYLAND, DISTRICT JUDGE

************

## MICHAEL G. SULLIVAN
## JUDGE

************

Court composed of Billie Colombaro Woodard, Michael G. Sullivan, and Billy H. Ezell, Judges.


**REVERSED.**

A. Bruce Perkins, II
Attorney at Law
1718 Lee Street
Alexandria, Louisiana  71301
(318) 445-3040
Counsel for Plaintiffs/Appellees:
 Glenn Smith
 Cynthia Smith

James E. Calhoun
Assistant Attorney General
Louisiana Department of Justice
Post Office Box 1710
Alexandria, Louisiana  71309-1710
(318) 487-5944
Counsel for Defendant/Appellant:
 State of Louisiana, Department of Health & Hospitals

SULLIVAN, Judge.

The State of Louisiana, through the Department of Health and Hospitals (the State), appeals a judgment declaring that it must pay 50% of the damages awarded to Glenn and Cynthia Smith (the Smiths) in *Smith v. Cutts*, 99-253 (La.App. 3 Cir. 3/15/00), 759 So.2d 851, *writ denied*, 00-1081 (La. 6/2/00), 763 So.2d 598. For the following reasons, we reverse.

**Procedural History**

On October 13, 1995, the Smiths filed suit for a preliminary injunction and damages against (1) Jimmie and Brenda Cutts (the Cuttses), (2) the State, and (3) the Rapides Parish Police Jury (the Police Jury), contending that Defendants were at fault for the discharge of raw sewage from the Cuttses' property onto theirs. The Smiths later added as Defendants Richard Young, the installer of the Cuttses' sewer treatment system, and New Hampshire Insurance Company (New Hampshire), the Cuttses' insurer. In addition to alleging the comparative fault of the Smiths, the State filed cross-claims against the Cuttses and the Police Jury. The Cuttses also filed a reconventional demand against the Smiths, as well as a cross-claim against the Police Jury. After a bench trial, the trial court found the Cuttses to be 100% at fault and awarded the Smiths a total of $91,990.00 in damages. On September 1, 1998, the trial court signed a judgment in favor of the Smiths against the Cuttses and New Hampshire. The judgment also dismissed the State, the Police Jury, and Mr. Young from the lawsuit.

On September 16, 1998, the Cuttses and New Hampshire suspensively appealed from the trial court judgment. No other party appealed or answered the appeal. On March 15, 2000, this court rendered its decision in *Smith*, 759 So.2d 851, in which we reallocated fault equally among the Cuttses, the State, and Mr. Young. Because the

Smiths' cause of action arose in 1994, we also recognized that the Defendants were solidarily liable under the version of La.Civ.Code art. 2324 in effect at that time, which provided in part that "liability for damages caused by two or more persons shall be solidary only to the extent necessary for the person suffering injury, death, or loss to recover fifty percent of his recoverable damages . . . ." The supreme court denied the State's application for writs on June 2, 2000.

Subsequently, a dispute arose over payment of the judgment. The Cuttses and New Hampshire filed a motion for tender and a third-party demand, arguing that they were responsible for only one-third of the damages awarded or, alternatively, for one-half of the damages with the right of contribution from the State and Mr. Young. Upon the trial court's agreement with the second argument, New Hampshire paid one-half of the judgment. Thereafter, the Smiths filed this suit seeking a declaratory judgment that they could collect the remaining one-half from the State, which had refused any payment on the grounds that the trial court judgment dismissing it had become final upon the Smiths' failure to appeal or to answer the Cuttses' appeal.[1] The trial court agreed with the Smiths, declaring that the State was responsible for one-half of the judgment.

**Opinion**

The State contends that, between it and the Smiths, the trial court judgment is final because it was never a party before the appellate court. The Smiths contend that, as the prevailing parties at trial (albeit against a different Defendant), they did not

---

[1]Louisiana Code of Civil Procedure Article 2082 provides: "Appeal is the exercise of the right of a party to have a judgment of a trial court revised, modified, set aside, or reversed by an appellate court."

2

have to answer the Cuttses' appeal.[2] They further assert that the only final and definitive judgment in this case is the opinion of this court, which acquired that status upon the supreme court's denial of writs.[3]

The State's position is supported by the recent supreme court *per curiam* in *Nunez v. Commercial Union Insurance Co.*, 00-3062 (La. 2/16/01), 780 So.2d 348. *Nunez*, which arose from an automobile accident, reached the supreme court on a procedural path similar to that of the present case. In that case, the plaintiffs alleged the negligence of three defendants, but the trial court found only one, the Louisiana Department of Public Safety and Corrections (the DPSC), to be at fault. Upon the DPSC's appeal, which the plaintiffs did not answer (nor did they file their own appeal), this court assigned some fault to the previously-dismissed defendants, the Calcasieu Parish Sheriff's Department (the CPSD) and another driver, Garret Hoffpauir, and to the plaintiffs. All defendants filed writs to the supreme court, with Hoffpauir and his insurer contending that "the judgment of the trial court dismissing plaintiffs' action against them acquired the authority of the thing adjudged when plaintiffs failed to appeal from that judgment." *Id.* at 349.[4] The supreme court agreed, explaining as follows:

> When a judgment dismisses one of several cumulated claims by the plaintiff, the plaintiff must appeal that adverse judgment to obtain affirmative relief. *St. Bernard Police Jury v. Murla*, 00-0132 (La. 6/30/00), 761 So.2d 532. When plaintiffs failed to appeal the dismissal of their action against the CPSD and Hoffpauir, that judgment of

---

[2]Louisiana Code of Civil Procedure Article 2133(A) provides in part: "An appellee shall not be obliged to answer the appeal unless he desires to have the judgment modified, revised, or reversed in part or unless he demands damages against the appellant."

[3]Louisiana Code of Civil Procedure Article 2166(E) provides in part: "If an application for certiorari to the supreme court is timely filed, a judgment of the court of appeal becomes final and definitive when the supreme court denies the application for certiorari."

[4]While the writs were pending, the plaintiffs settled with the DPSC and the CPSD, but the supreme court did not indicate that this fact affected its reasoning.

3

dismissal acquired the authority of the thing adjudged.  The DPSC's filing of an appeal from the judgment of the trial court only brought up on appeal the portions of the judgment that were adverse to the DPSC and in favor of the appellees.  The DPSC's appeal did not bring up on appeal the portions of the judgment that were adverse to plaintiffs, such as the dismissal of plaintiffs' action against Hoffpauir and his insurer.

The judgment of the court of appeal allocating ten percent fault to Hoffpauir could only flow in favor of the party who appealed (the DPSC) the judgment dismissing Hoffpauir, and could create no benefit to plaintiffs, who did not appeal the judgment of the trial court dismissing plaintiffs' action against Hoffpauir.

Accordingly, the application is granted, that portion of the judgment of the court of appeal in favor of plaintiffs and against Hoffpauir and his insurer is reversed, and plaintiffs' action against Hoffpauir is dismissed.

*Id.*

The accident in *Nunez* occurred approximately one month after the effective date of the amendment to La.Civ.Code art. 2324 abolishing solidarity among joint tortfeasors except in the case of intentional torts.  The Smiths' cause of action, however, arose when joint tortfeasors were solidarily bound, but only for 50% of the victim's recoverable damages.  In light of jurisprudence cited by the Smiths concerning the scope of an appeal by one solidary obligor, we must determine whether this distinction in the substantive law is material to the present case.

In *Vidrine v. Simoneaux*, 145 So.2d 400 (La.App. 3 Cir.), *writ denied* (La.1962), the trial court rendered judgment in favor of the plaintiffs against two defendants, but dismissed a third.  Finding error in the dismissal of that defendant, this court had to determine how the plaintiffs' failure to appeal that dismissal would affect the outcome of the case.  After considering changes in the law concerning contribution among solidary obligors, we stated:

[W]e hold that where two persons are sued as solidary obligors, and the plaintiff takes no appeal from a judgment which dismisses the suit as to one defendant and condemns the other, an appeal by the latter brings the

4

> discharged defendant before the appellate court, and the litigation may be continued against him as though an appeal from the judgment of dismissal had been taken by plaintiff.

*Id.* at 406. Accordingly, we amended the judgment in favor of the plaintiffs to include the previously-dismissed defendant. In *Lomenick v. Hartford Accident and Indemnity Co.*, 189 So.2d 731, 733 (La.App. 3 Cir. 1966) (emphasis added), however, we appeared to limit *Vidrine* as follows:

> Under the Emmons [v. Agricultural Insurance Co., 245 La. 411, 158 So.2d 594 (La.1963)] and Vidrine decisions cited above, the appeal of an appellant defendant brings up before the reviewing court the question of the solidary liability with it of any appellee defendants. *However, in the absence of an appeal or perhaps (see below) of an answer to the appeal by him, the plaintiff himself has no right to urge that these codefendant-appellees be held liable additional to or instead of the appellant defendant. This is because the appeal of the defendant-appellant has brought up the question of the liability of the appellee defendants only insofar as the appellant is concerned, that is, only insofar as the appellees' solidary liability might minimize the award against the appellant.*

An example of this principle is found in *Theriot v. Commercial Union Insurance Co.,* 478 So.2d 741 (La.App. 3 Cir. 1985), in which the plaintiff sued his automobile insurer in contract and the seller of a defective engine in redhibition. The trial court found in favor of the plaintiff as to the insurer, but against him as to the seller, and only the insurer appealed. Finding that the trial court erred in rejecting the redhibition claim and that the insurer and the seller were solidary obligors, we recognized the insurer's right of contribution against the seller, but we refused to amend the judgment in favor of the plaintiff to include the seller. Writing for the court, Judge Guidry explained:

> When an unsuccessful co-defendant appeals from a judgment, his appeal can bring up for review his right to enforce contribution against other defendants. The unsuccessful co-defendant may demand the reversal of that part of the judgment which rejects plaintiff's demands against other defendants, so that the appellant may minimize his loss through the enforcement of contribution against the other defendants.

*Id.* at 745. However, he also recognized, "[W]e cannot render a judgment against [the seller] directly in favor of plaintiff *since his failure to perfect a separate appeal against [the seller] has allowed the trial court judgment dismissing [the seller] to become final.*" *Id.* at 746 (emphasis added). Thus, although the appellate court opinion recognized the solidarity between the insurer and the seller, this court was without authority to cast the seller in judgment to the plaintiff.

Based upon the above, we conclude that *Nunez*, 780 So.2d 348, is controlling, even though the defendants in that case were not solidary obligors. Accordingly, we find that the Smiths' failure to appeal the dismissal of the State resulted in the finality of that judgment as to them. Once the judgment dismissing the Smiths' claim against the State "acquired the authority of the thing adjudged," *Nunez*, 780 So.2d at 349, we were without jurisdiction to modify, revise, or reverse it, except as was done in *Theriot*. *See Tolis v. Bd. of Sup'rs of La. State Univ.*, 95-1529 (La. 10/16/95), 660 So.2d 1206. Although our opinion in *Smith,* 759 So.2d 851, recognized the solidarity of the Defendants, that finding could benefit only the parties who appealed, the Cuttses and New Hampshire, in minimizing their liability through their right of contribution. Accordingly, we find that the trial court erred in holding that the State is liable to the Smiths for 50% of the judgment.

**Decree**

For the above reasons, the judgment of the trial court is reversed. Costs of this appeal are assessed to Glenn and Cynthia Smith.

**REVERSED.**

6