GRAVOIS, J.,
DISSENTS WITH REASONS
UFor the following reasons, I respectfully dissent from the majority’s opinion to “affirm the trial court’s July 27, 2016 summary judgment finding Jackson free from fault, dismissing Dixon’s case against ap-pellees.” [2]
*662 PERTINENT PROCEDURAL BACKGROUND
On April 22, 2016, defendants The Gray-Insurance Company, Command Construction Industries, LLC, and Patrick Jackson (collectively “Jackson”) filed a motion for summary judgment, asserting that there were no genuine issues of material fact in this matter regarding their liability for the damages alleged by plaintiff, Tobias Dixon (“Dixon”), against them, and that the law is in their favor, and requesting an order of dismissal, with prejudice, of all of the allegations made against them in this litigation.
Both plaintiff Dixon and co-defendant Louisiana Pizza Group, Inc., d/b/a Papa John’s Pizza (“LPG”), opposed the motion for summary judgment. After considering the motion for summary judgment and the oppositions thereto, the Rtrial court rendered judgment on August 16,2016, granting the motion for summary judgment. Plaintiff Dixon timely filed a motion for an appeal of the judgment, but later dismissed his appeal. LPG also timely appealed the judgment ■ (the instant appeal), asserting on appeal that the trial court erred in granting the motion for summary judgment, as material issues of fact remain as to whether Jackson caused or contributed to the injuries complained of by plaintiff Dixon.
ANALYSIS
First, I agree with the majority’s finding that the summary judgment dismissing Jackson became final as between Dixon and Jackson when Dixon dismissed his appeal of the judgment.[3] I disagree, however, with the majority’s finding that under La. C.C.P. art. 966(G), Dixon’s dismissal of his appeal automatically precludes LPG from appealing the trial court’s grant of Jackson’s motion for summary judgment.[4]
As correctly noted by the majority, the Supreme Court in Grimes v. La. Med. Mut. Ins. Co., 10-0039 (La. 5/28/10), 36 So.3d 215, 217, in a case procedurally similar to the instant matter, found that an appeal from a judgment by another party only brings “up on appeal the portions of the judgment that were adverse to [that party],” but not “the portions of the judgment that were adverse to plaintiff,” citing Nunez v. Commercial Union Ins. Co., 00-3062 (La. 2/16/01), 780 So.2d 348, 349. The majority goes on to find, however, that LPG’s appeal “is without merit,” asserting that although LPG appeals the summary judgment insofar as it is adverse to LPG, “La. C.C.P. [art.] 966 G is clear: ‘no party shall refer directly or indirectly' to fault of a party or non-party who was found not at fault at summary judgment, and the trial court shall not consider the dismissed party in any allocation of fault.” On this basis, the majority declines to address the merits of LPG’s appeal of the trial court’s grant of Jackson’s motion for summary judgment, but rather essentially dismisses LPG’s appeal on procedural grounds.[5]
*663 At issue herein is La. C.C.P. art. 966(G), which provides:
When the court grants a motion for summary judgment in accordance with the provisions of this Article, that a party or non-party is not negligent, is not at fault, or did not cause in whole or in part the injury or harm alleged, that party or non-party shall not be considered in any subsequent allocation of fault. Evidence shall not be admitted at trial to establish the fault of that party or non-party. During the course of the trial, no party or person shall refer directly or indirectly to any such fault, nor shall that party or non-party5 fault be submitted to the jury or included on the jury verdict form.[6]
On appeal, LPG asserts that “Nunez and its progeny stand for the contention that where a plaintiff [such as Dixon] fails to appeal a grant of summary judgment, but a co-defendant [such as LPG] appeals, and the court of appeal finds that genuine issues of material fact remain, the trial court’s grant of summary judgment must be vacated as between the co-defendant appellant [LPG] and [the] appellee [Jackson]. LPG further asserts that “[t]his is because a defendant/appellant is ‘entitled to a reduction in judgment by the percentage of fault allocated to the [defendant/ap-pellee] in accordance with the general principles of comparative fault set forth in La. [C.C.] art. 2328(A),’ ” citing Grimes, 36 So.3d at 217.[7]
| ^Although enacted after Grimes, Article 966(G) does not address the appealability of summary judgments; rather, it is completely silent regarding appeal rights. I thus find nothing in Article 966(G) that prohibits a party such as LPG under the procedural posture of this case from appealing an adverse ruling on a motion for summary judgment. This is because the judgment granting Jackson’s motion for summary judgment is not final as to LPG, as LPG has timely appealed that judgment. In my opinion, the prohibition contained in Article 966(G) against admitting evidence at trial “to establish the fault of that party or non-party” only comes into play once summary judgment is final as to “that party or non-party.” The point that the majority apparently fails to consider in its interpretation of Article 966(G) is that the subject summary judgment is not final as to LPG, as LPG has timely appealed that judgment. Thus, in accordance with Grimes and Nunez, it is my opinion that we are required to address the merits of *664 LPG’s appeal,[8]
Further, under La. C.C.P. art. 1915(A),[9] a summary judgment‘that- dismisses a party is a final judgment, immediately appeal-able. Also, pertinent to this matter, |gLa. C.C.P. art. 2083.(A) provides: “A final judgment is appealable in all causes in which appeals are given by law, whether rendered after hearing, by default, or by reformation under' Article 1814.” Again, nothing in Article 966(G) addresses the appealability of a judgment granting a motion for summary judgment, or overrides Article 2083(A)’s basic principle that final judgments aíre appealable. Article 966(G) therefore does not, in my opinion, take away any appeal rights that any party may have.
Nor do I find that Article 966(G) legislatively overrules Grimes. Again, in my opinion, Article 966(G) only applies as to final summary judgments. As noted above, because LPG timely appealed the summary judgment in question, it is not final as to LPG. Because the summary judgment in question is not final as to LPG, Grimes is, in my opinion, controlling herein.
A review of jurisprudence arising subsequent to the enactment of Article 966(G) also persuades me that based on the current procedural posture of this- case, we are required to review the merits of LPG’s appeal.
In Cotton v. Kennedy, 2015 CA 1391 c/w 2015 CA 1392 (La. App. 1 Cir. 9/19/2016), 2016 WL 5061113*, 2016 La. App. Unpub. LEXIS 343*, the First Circuit, under very similar factual and procedural circumstances, maintained the appeal of a co-defehdant (citing Grimes and State Farm Mutual Automobile Insurance Co. v. McCabe, 14-501 (La. App. 3 Cir. 11/5/14), 150 So.3d 595, 596), and also limitedly reversed the summary judgment at issue, thus allowing the successfully appealing co-defendants to introduce evidence of the dismissed co-defendant’s fault'as per La. C.C. art. 2323(A).
Noteworthy, the case of Robert v. Turner Specialty Servs., L.L.C., 50,245 c/w *665 50,246 (La. App. 2 Cir. 11/18/15), 182 So.3d 1069, implicitly considered the interplay of La. C.C. art. 2323 and La. C.C.P. art. 966(G), and allowed co-defendant RockTen CP, L.L.C.’s (“RockTen”) appeal of a summary judgment granting co-defendant Turner Specialty Services, L.L.C.’s (“Turner”) motion against plaintiffs, dismissing it from the case. The procedural posture of the case is very similar to the instant matter: a co-defendant (Turner) was dismissed from the case via summary judgment, the plaintiffs did not appeal, and a remaining co-defendant, RockTen, sought reversal of the summary judgment so as to be able to invoke La. C.C. art. 2323(A) 'to have fault apportioned to Turner.[10] Notably, the court did not discuss Grimes or whether RockTen could appeal the grant of summary judgment between’ Turner and the plaintiffs, but went straight to the merits of the summary judgment. The court declined to overturn the. summary judgment. on the procedural grounds that RockTen had never pleaded the affirmative defense of comparative fault as to the dismissed co-defendant Turner.[11] The pertinent point to be taken from Robert is, however, that the Second Circuit found that Article 966(G) was no impediment to a co-defendant maintaining an appeal of a summary judgment dismissing another co-defendant, and presumably would be no impediment to a successful appellant’s application of La. C.C. art. 2323(A) at a trial on .the merits, provided the appellant had pleaded the affirmative defense of comparative fault.
Finally, in the recent case of Stafford v. Exxon Mobile Corp., 16-1067 (La. App. 1 Cir. 2/17/17), 212 So.3d 1257, the First Circuit followed Grimes and allowed the appeal of. co-defendants regarding a summary judgment that dismissed another co-defendant, Hotard’s Coaches, Inc. (“Ho-tard’s”). InHotard’s- filed- its motion for summary judgment on December 13, 2015, alleging no legal duty to the plaintiff under the facts pleaded. The motion was heard on January 25, 2016 and was granted on February 19, 2016, dismissing the plaintiffs claims against 'Hotard’s with prejudice. The plaintiff did not appeal the judgment granting ■ Hotard’s motion for summary judgment; The court of appeal noted that vis-á-vis the plaintiff and Ho-tard’s; the summary judgment was final and not subject to reversal. However, the court recognized that if the co-defendants were successful in their appeal,'they could invoke the principles .of comparative fault set forth in La. C.C. art. 2323(A), citing Grimes and Cotton. The court proceeded to consider the merits of the motion for summary judgment, found that it was properly granted as to Hotard’s, and affirmed, thus denying relief to the appealing co-defendants. Interestingly, in Stafford, Article 966(G) was not mentioned at all, even though it was in effect at all pertinent times during the suit.
CONCLUSION
For the foregoing reasons, I respectfully dissent. Rather than finding that LPG’s appeal “is without merit,” ostensibly on procedural grounds, I would review and address the merits of LPG’s appeal.

. The record reflects that the trial court conducted a hearing on the motion for summary judgment on July 27, 2016. After taking the matter under advisement, the trial court granted the motion by judgment read, rendered, and signed on August 16, 2016.

. The record further reflects that Dixon did not answer the appeal.

. Interestingly, on appeal, appellees (Jackson) apparently do not disagree with this assessment of the matter, asserting in their appellate brief as follows: "The only remedy the LPG defendants have in this appeal is in the event that this Court finds that the trial judge erred in finding no liability of Jackson for the plaintiff’s accident, as expressed in his reasons for judgment, and allows consideration of Jackson’s fault following trial.... This could serve to reduce the LPG defendants' liability to plaintiff, but in no way impacts the dismissal of Appellees [the Jackson defendants], which is a final judgment.” (Emphasis added.)

.Although the majority opinion "affirms” the judgment in question, it is clear that the majority did not address the merits of the appeal *663 (i.e., whether the trial court properly granted Jackson’s motion for summary judgment). Rather, the majority simply found that LPG's appeal is "without merit” because Dixon dismissed his appeal and failed to answer the appeal, specifically finding that “[i]n the absence of an appeal [by Dixon], this Court has no authority to determine whether the grant of summary judgment against Dixon was correct on its merits.”

. This is the current version of La. C.C.P. art. 966(G) which became effective on January 1, 2016.

. La. C.C. art. 2323(A) provides:
In any action for damages where a person suffers injury, death, or loss, the degree or percentage of fault of all persons causing or contributing to the injury, death, or loss shall be determined, regardless of whether the person is a party to the action or a nonparty, and regardless of the person's insolvency, ability to pay, immunity by statute, including but not limited to the provisions of R.S. 23:1032, or that the other person’s identity is not known or reasonably ascertainable. If a person suffers injury, death, or loss as the result partly of his own negligence and partly as a result of the fault of another person or persons, the amount of damages recoverable shall be reduced in proportion to the degree or percentage of negligence attributable to the person suffering the injury, death, or loss.

. If we were to address the merits of LPG’s appeal and affirm the trial court’s grant of Jackson's motion for summary judgment and the judgment then becomes final as to LPG, then the trial court’s grant of Jackson’s motion for summary judgment would be final as to all parties and the provisions of Article 966(G) would kick in and indeed prohibit evidence of Jackson’s fault in the .cause (in whole or in part) of the subject accident and/or of Dixon’s injuries, nor would any party or person be allowed during the course of trial to refer directly or indirectly to any such fault, nor would LPG’s fault be submitted to the jury or included on the jury verdict form, If, however, we were to address the merits of LPG’s appeal and reverse the trial court’s grant of Jackson's motion for summary judgment, then the provisions of Article 966(G) would not kick in and LPG could present evidence of Jackson's • fault in the cause (in whole or in part) of the subject accident and/or of Dixon's injuries. In such case, should the trier of fact find fault or causation (in whole or in part) on Jackson’s part, then Dixon's recovery against LPG would be reduced in accordance with the general principles of comparative fault set forth in La. C.C. art. 2323(A). Dixon would not, however, enjoy any recovery from Jackson,' even if found to be at fault or having caused Dixon’s injuries, since Dixon dismissed his appeal of the trial court’s grant of Jackson’s m'otion for summary judgment.

. La. C.C.P, art, 1915(A) provides, in pertinent part:
A final judgment may be rendered' and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
[[Image here]]
(3) Grants a motion for summary judgment, as provided by Articles 966 through 969, but not including a summary judgment granted pursuant to Article 966(E).
[[Image here]]

. Like Cotton, this case was decided when Article 966(G) contained a paragraph-requiring the trial court to explicitly state that the summary judgment was rendered pursuant thereto, which has been removed by a more recent amendment to the Article. The trial court’s summary judgment did explicitly so state.

. In the instant matter, both defendants pleaded comparative fault. • ■ ■