STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2020 CA 0999

THELMA LEWIS

VERSUS

SAFEWAY INSURANCE COMPANY OF LOUISIANA, COREY
CAMPBELL, ZANE CAMPBELL, AND SHERIFF JERRY LARPENTER,
IN HIS CAPACITY AS SHERIFF/CHIEF LAW ENFORCEMENT
OFFICER OF THE TERREBONNE PARISH SHERIFF'S OFFICE

*Judgment Rendered:* **APR 1 6 2021**

********

Appealed from the 32nd Judicial District Court
In and for the Parish of Terrebonne
State of Louisiana
Docket 185459

The Honorable David W. Arceneaux, Judge Presiding

********

Davis R. Peltier
Michelle D. Brooks
Thibodaux, Louisiana

Counsel for Defendant/Appellants
Safeway Insurance Company of
Louisiana, Corey Campbell and
Zane Campbell


Richard E. McCormack
Gus A. Fritchie, III
New Orleans, Louisiana
and
William F. Dodd
Houma, Louisiana

Counsel for Defendant/Appellee
Jerry J. Larpenter, Sheriff of
Terrebonne Parish

********

BEFORE: GUIDRY, McCLENDON, AND LANIER, JJ.

**LANIER, J.**

This matter is before us on appeal by defendants, Safeway Insurance Company of Louisiana, Corey Campbell, and Zane Campbell (collectively referred to as "Safeway"), from a summary judgment of the district court, dismissing claims by plaintiff, Thelma Lewis, against defendant, Jerry J. Larpenter, Sheriff of Terrebonne Parish, with prejudice. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

This case arises out of a vehicular collision that occurred during a funeral procession in Terrebonne Parish at the intersection of Highway 311 and Westside Boulevard. The funeral procession, which was led by Terrebonne Parish Sheriff Deputy Zachary Bailey, was traveling northbound along Highway 311 from a church in Houma to a cemetery in Schriever. The collision occurred when Ms. Lewis, who was a part of the funeral procession, proceeded through what witnesses indicated was a red traffic control signal and crossed into the path of Zane Campbell, who was entering the intersection from the center lane of Westside Boulevard.

Ms. Lewis filed suit against Zane Campbell, Corey Campbell, the owner of the Campbell vehicle, Safeway Insurance Company of Louisiana, as liability insurer of Corey Campbell, and Jerry J. Larpenter, in his capacity as Sheriff of Terrebonne Parish. Ms. Lewis alleged negligence against Mr. Campbell in causing the accident, arguing Mr. Campbell's failure to yield, failure to maintain reasonable and proper control of his vehicle, and operating his vehicle in a careless and reckless manner, among other negligent actions, were the sole and proximate cause of the accident. In the alternative, Ms. Lewis alleged the Sheriff was the sole and proximate cause of the accident for the negligent failure to comply with statutory procedures in obstructing or restraining traffic to facilitate a funeral procession.

2

In response to Ms. Lewis's claims, the Sheriff filed a motion for summary judgment asserting that there was no genuine issue as to any material fact in dispute with respect to the Sheriff and that summary judgment was warranted. The Sheriff argued there was no evidence of any breach of duty owed to Ms. Lewis in connection with the funeral procession.

Safeway and Ms. Lewis opposed the motion for summary judgment, arguing that there were genuine issues of material fact remaining that precluded summary judgment in this case. They argued that the Sheriff was negligent in carrying out its duty of providing a funeral escort and that the Sheriff owed a duty to do what was necessary to ensure that the funeral procession could pass safely through the intersection.

Following a hearing on the motion for summary judgment, the district court signed a judgment on February 20, 2020, granting summary judgment in favor of the Sheriff and dismissing, with prejudice, all claims filed by Ms. Lewis against the Sheriff. This appeal by Safeway followed.[1] The sole issue for our review is whether the district court erred in granting summary judgment in favor of the Sheriff.

## STANDARD OF REVIEW

A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine issue of material fact. **Georgia-Pacific Consumer Operations, LLC v. City of Baton Rouge**, 2017-1553 (La. App. 1 Cir. 7/18/18), 255 So.3d 16, 21, writ denied, 2018-1397 (La. 12/3/18), 257 So.3d 194. After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that

---

[1] Safeway originally filed an application for supervisory writs with this court. Noting that the February 20, 2020 judgment of the district court was a final, appealable judgment, this court granted the writ for the limited purposes of remanding the matter to the district court with instructions to grant an appeal. **Lewis v. Safeway**, 2020-0346 (La. App. 1 Cir. 6/5/20) (unpublished writ action).

3

there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. Code Civ. P. art. 966(A)(3). Because the applicable substantive law determines materiality, whether a particular fact in dispute is material must be viewed in light of the substantive law applicable to the case. **Bryant v. Premium Food Concepts, Inc.**, 2016-0770 (La. App. 1 Cir. 4/26/17), 220 So.3d 79, 82, writ denied, 2017-0873 (La. 9/29/17), 227 So.3d 288.

The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. Code Civ. P. art. 966(D)(1).

In reviewing the trial court's decision on a motion for summary judgment, this court applies a *de novo* standard of review using the same criteria applied by the trial courts to determine whether summary judgment is appropriate. **Jackson v. Wise**, 2017-1062 (La. App. 1 Cir. 4/13/18), 249 So.3d 845, 850, writ denied, 2018-0785 (La. 9/21/18), 252 So.3d 914. Factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing a motion for summary judgment, and all doubt must be resolved in the opponent's favor. **Thompson v. Center for Pediatric and Adolescent Medicine, L.L.C.**, 2017-1088 (La. App. 1 Cir. 3/15/18), 244 So.3d 441, 445, writ denied, 2018-0583 (La. 6/1/18), 243 So.3d 1062.

4

## LAW AND DISCUSSION

At the outset, we note that when a judgment dismisses one of several cumulated claims by the plaintiff, the plaintiff must appeal that adverse judgment to obtain affirmative relief. **Nunez v. Commercial Union Ins. Co.,** 2000-3062 (La. 2/16/01), 780 So.2d 348, 349 (per curiam). When plaintiffs fail to appeal the dismissal of their action, the judgment of dismissal acquires the authority of a thing adjudged. In such cases, the filing of an appeal from the judgment of the district court by another party only brings up on appeal the portions of the judgment that were adverse to that party. *Id.*

In the instant case, where Ms. Lewis did not appeal the district court's judgment dismissing her claims against the Sheriff, nor did Ms. Lewis answer the defendants' appeal, the summary judgment dismissing Ms. Lewis's claims against the Sheriff acquired the authority of a thing adjudged, is now final between the parties, and is not subject to reversal by this court. See **Grimes v. Louisiana Medical Mut. Ins. Co.,** 2010-0039 (La. 5/28/10), 36 So.3d 215, 217 (per curiam). Nevertheless, while the Sheriff cannot be cast in judgment on Ms. Lewis's main demand, by the filing of a successful appeal, the remaining defendants may reduce their liability to Ms. Lewis, based upon the principles of comparative fault set forth in La. Civ. Code art. 2323(A), by establishing the fault, negligence, or breach of care by the Sheriff. See **Grimes,** 36 So.3d at 217; **Stafford v. Exxon Mobile Corporation,** 2016-1067 (La. App. 1 Cir. 2/17/17), 212 So.3d 1257, 1263, writ denied, 2017-0447 (La. 4/24/17), 221 So.3d 67. Accordingly, Safeway's appeal is validly before us.

Ms. Lewis's claims in this case against the Sheriff are based upon the Sheriff's alleged negligence. Louisiana courts have adopted a duty-risk analysis in determining whether to impose liability under the general negligence principles as set forth in the Civil Code. **Brewer v. J.B. Hunt Transport, Inc.,** 2009-1408 (La.

5

3/16/10), 35 So.3d 230, 240. In order for liability to attach under the duty-risk analysis, the plaintiff must prove the following separate elements: (1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant failed to conform his conduct to the appropriate standard (the breach of duty element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiffs injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiffs injuries (the scope of liability or scope of protection element); and (5) actual damages (the damages element). **Roberts v. Rudzis**, 2013-0538 (La. App. 1 Cir. 5/28/14), 146 So.3d 602, 608-609, writ denied, 2014-1369 (La. 10/3/14), 149 So.3d 797. A negative answer to any of the elements of the duty-risk analysis prompts a no-liability determination. **Daniels v. USAgencies Cas. Ins. Co.**, 2011-1357 (La. App. 1 Cir. 5/3/12), 92 So.3d 1049, 1055. The plaintiff has the burden of proving negligence on the part of the defendant by a preponderance of the evidence. **Hanks v. Entergy Corp.**, 2006-477 (La. 12/18/06), 944 So.2d 564, 578.

In her petition for damages, Ms. Lewis alleged that the Sheriff was negligent in breaching the following duties: failing to comply with statutory procedures in obstructing or restraining traffic to facilitate a funeral procedure; careless operation; failing to see what should have been seen; failing to keep a good and careful lookout; failing to maintain vehicles at a safe distance from other vehicles; and failing to follow the customary rules of the road of the State of Louisiana.

Duty is a question of law and is a threshold issue in any negligence action. **Lemann v. Essen Lane Daiquiris, Inc.**, 2005-1095 (La. 3/10/06), 923 So.2d 627, 633. Simply put, the inquiry is whether a plaintiff has any law—statutory, jurisprudential, or arising from general principles of fault—to support the claim. **Fredericks v. Daiquiris & Creams of Mandeville, L.L.C.**, 2004-0567 (La. App. 1 Cir. 3/24/05), 906 So.2d 636, 639, writ denied, 2005-1047 (La. 6/17/05), 904

6

So.2d 706. In deciding whether to impose a duty in a particular case, the court must make a policy decision in light of the unique facts and circumstances presented. **Lemann,** 923 So.2d at 633. When no factual dispute exists and no credibility determinations are required, the legal question of the existence of a duty is appropriately addressed by summary judgment. **Fredericks,** 906 So.2d at 639.

As the mover, the Sheriff had the burden of proof on summary judgment; however, because the Sheriff would not bear the burden of proof at trial, the Sheriff was only required to point out to the district court the absence of factual support for one or more elements of Ms. Lewis's negligence claim. See La. Code Civ. P. art. 966(D)(1). Citing La. R.S. 32:300.3, the Sheriff pointed out that he discharged his duty to provide a deputy to escort the funeral procession from the church to the cemetery and that there is no evidence that either he or Deputy Bailey breached any duty owed to Ms. Lewis in connection with the funeral procession.

The law that governs funeral processions is found in La. R.S. 32:300.3. The statute defines a "funeral procession" as "two or more vehicles accompanying a deceased person or cremated human remains during daylight hours." La. R.S. 32:300.3(A). Moreover, the statute sets forth the following duties owed by pedestrians and operators of motor vehicles to vehicles participating in a funeral procession, as well as the duties of the vehicles participating in the procession:

> Except for an authorized emergency or law enforcement vehicle making use of audible or visual signals, or when directed otherwise by a law enforcement officer, pedestrians and operators of all motor vehicles shall yield the right-of-way to each vehicle participating in a funeral procession. However, the operator of a motor vehicle may pass a funeral procession which is traveling in the right lane of a divided highway, multiple-lane highway, or interstate. If the procession has a police escort, whenever the lead vehicle in a funeral procession lawfully enters an intersection, the remainder of the vehicles in the procession may continue to follow through the intersection notwithstanding any signals from traffic control devices. A motor vehicle participating in a funeral procession shall not leave the procession while it is traveling unless specifically permitted to do so by a law enforcement officer or by making a right turn out of the procession. No motor vehicle which leaves a funeral procession shall

be permitted to rejoin the procession. The operator of each vehicle participating in a funeral procession shall exercise due care to avoid colliding with any other vehicle or pedestrian upon the roadway.

La. R.S. 32:300.3(B).

As originally enacted, La. R.S. 32:300.3(D) provided:

> D. This Section shall not create a cause of action or substantive legal rights against any funeral home, its director, or any of its employees or agents. Furthermore, a funeral home, its director, or any of its employees or agents shall not be held liable for a violation of this Section if the operator of a motor vehicle fails to exercise due care while participating in a funeral procession.

See La. R.S. 32:300.3 (Acts 2006, No. 751, § 1, eff. June 30, 2006). However, the statute was amended in 2010 to include the following language:

> D. This Section shall not create a cause of action or substantive legal rights against any funeral home, its director, or any of its employees or agents, **or any law enforcement agency or officer**. Furthermore, a funeral home, its director, or any of its employees or agents, **or any law enforcement agency or officer** shall not be held liable for a violation of this Section if the operator of a motor vehicle fails to exercise due care while participating in a funeral procession. [Emphasis added.]

See La. R.S. 32:300.3 (as amended by Acts 2010, No. 257, § 1).

Safeway argues that as set forth by the Louisiana Supreme Court in **LeJeune v. Allstate Ins. Co.**, 365 So.2d 471 (La. 1978), the Sheriff had a "duty ... to do what was necessary to ensure that the funeral cortege could pass safely through the intersection." **LeJeune**, 365 So.2d at 476. Citing **Siripanyo v. Allstate Indem. Co.**, 2003-559 (La. App. 3 Cir. 12/23/03), 862 So.2d 1254, writ denied, 2004-0182 (La. 3/19/04), 869 So.2d 860, Safeway further notes that although there is no specific statutory duty for a police officer to provide an escort to a funeral procession, if a police department such as the Sheriff agrees to do so, it must do so in a non-negligent manner. **Siripanyo**, 862 So.2d at 1259-1260. Safeway maintains that in this case, the Sheriff could have easily provided the escort in a non-negligent manner by securing the intersection as the funeral procession passed. Thus, Safeway argues, the duty breached by the Sheriff and Deputy Bailey was the

8

duty to secure the intersection in order to give drivers on the favored highway, such as Mr. Campbell, warning that the funeral procession was passing through the intersection.[2]

In support of the motion for summary judgment, the Sheriff submitted the verified and sworn Uniform Motor Vehicle Traffic Crash Report; the affidavit of Deputy Zachary Bailey; and the Sheriff's responses to the requests for admissions of fact submitted by Ms. Lewis. While Safeway relied on the same summary judgment evidence submitted by the Sheriff, Ms. Lewis attached the following in support of her opposition to the Sheriff's motion for summary judgment: deposition excerpts of the investigating officer, Louisiana State Police Trooper Anthony W. Dorris; deposition excerpts of accident witness William Coyle; and deposition excerpts of Ms. Lewis.

At the scene of the accident, Trooper Dorris, spoke with the parties involved in the accident. Ms. Lewis indicated that she was proceeding northbound on Highway 311 in a funeral procession and approaching the intersection with Westside Boulevard. Ms. Lewis reported to Trooper Dorris that she had her headlights on during the funeral procession. With regard to the traffic control signal at the intersection, Ms. Lewis advised Trooper Dorris that she believed it was green as she entered the intersection.

Ms. Lewis testified further in her deposition that she was the seventh or eighth car in the procession and could see the deputy ahead of her as the procession traveled. Ms. Lewis noted that she saw the deputy's vehicle and the vehicles

_____

[2] As pointed out by the Sheriff in brief to this court, most of the funeral intersectional collision cases cited by Safeway on appeal were decided before La. R.S. 32:300.3 was enacted and amended. The one case cited by Safeway that was decided after the enactment of the statute, **LaGrappe v. Progressive Sec. Ins. Co.**, 2014-720 (La. App. 3 Cir. 12/23/14), 154 So.3d 1263, writ denied, 2015-0200 (La. 4/17/15), 165 So.3d 71, is distinguishable from the instant case. In **LaGrappe**, a deputy was found to have violated the Sheriff's own standard operating procedures for escorting a funeral onto an interstate highway when he blocked both lanes of the interstate, causing a rear-end collision with a vehicle stopped in one of the blocked lanes. **LaGrappe**, 154 So.3d at 1268-1275.

immediately behind him go through the intersection where the accident in question occurred. However, she acknowledged that she did not know if the traffic control signal was green at the time these vehicles proceeded through the intersection. Moreover, Ms. Lewis acknowledged that the deputy was through the intersection and leading the procession to the cemetery when the accident occurred.[3]

As Ms. Lewis approached the intersection in question, Mr. Campbell was in the center lane of Westside Boulevard waiting to proceed forward through the intersection. When the traffic control signal facing Westside Boulevard changed to green, Mr. Campbell began to enter the intersection, at which time he hit the right rear side of Ms. Lewis's vehicle. At the time of impact, Ms. Lewis's vehicle had cleared the majority of the intersection. Ms. Lewis's vehicle then rotated clockwise, impacting a vehicle driven by Hendrick Knol, which vehicle was stopped in the southbound left-turn lane of Highway 311. In his statement to Trooper Dorris, Mr. Knol stated that the traffic control signal for northbound and southbound traffic on Highway 311 was red at the time that Ms. Lewis entered the intersection.

Mr. Campbell reported to Trooper Dorris that prior to the accident, another vehicle (presumably the vehicle Ms. Lewis was following in the funeral procession) had entered the intersection causing he and the vehicle to his left to come to an abrupt stop to avoid a collision. After that vehicle cleared the intersection, Mr. Campbell indicated that he began to move forward again and that Ms. Lewis's vehicle crossed into his travel path. Mr. Campbell noted that he could not see the northbound traffic on Highway 311 due to the vehicle to his left obscuring his vision, nor did he observe a police escort or any other vehicles in a funeral procession.

---

[3] In brief to this court, both Safeway and the Sheriff agree that at the time of the accident, the deputy escorting the funeral procession was approximately one and one-half miles away from the intersection in question.

William Coyle, the driver of the vehicle in the left-turn lane of Westside Boulevard, also gave a statement to Trooper Dorris at the scene of the accident, reporting similarly to Mr. Campbell regarding the events leading up to the accident. He added that neither he, nor his wife (who was in the passenger seat of his vehicle), saw any "blinking lights" on any of the vehicles proceeding through the intersection. Mr. Coyle testified further in his deposition that he had no idea that there was a funeral procession going through the intersection, adding that he never saw any law enforcement officer drive through the intersection before the accident occurred and that the vehicles did not have any flashers or light on at the time.

In granting the Sheriff's motion for summary judgment, the district court offered the following reasons for judgment:

> The Sheriff's Office was sued as a defendant as the result of an intersectional collision between Ms. Lewis and a Mr. Campbell. And there does not seem to be any genuine issue of material fact but that this accident occurred at the intersection during a funeral procession in which Ms. Lewis was a participant. The allegation is that the accident happened at the intersection when Ms. Lewis went through a traffic control device that ordinarily would not have permitted her to go through but for the funeral procession and that she was struck by Mr. Campbell who may or may not have realized that there was a funeral procession going through the intersection.
>
> I have reviewed all of the evidence that has been offered by the parties and I have reviewed the statutory provisions of 32:300.3. It seems obvious to me that the 2010 amendments to 32:300.3 were intended to eliminate any duty of the Sheriff's Office to Ms. Lewis or to Mr. Campbell as a result of the type of accident that occurred during this funeral procession. I don't think that the sheriff has a legal duty to do more than what he did, which was to escort the funeral procession through the traffic control device. If there is to be liability as the result of the violation of any other duty, that is between Ms. Lewis and Mr. Campbell, not the Sheriff's Office.
>
> So I am going to grant the Motion for Summary Judgment and dismiss the Sheriff's Office from this case at the cost of the plaintiff.

As previously noted, the underlying material facts of this case are not in dispute. With regard to the accident, the documents offered by the Sheriff in

support of the motion for summary judgment establish: (1) Ms. Lewis was traveling as part of a funeral procession on Highway 311 toward the intersection with Westside Boulevard; (2) the funeral procession was led by Terrebonne Parish Sheriff's Deputy Zachary Bailey; (3) Ms. Lewis proceeded through a red traffic control signal at the intersection, crossing into the path of Mr. Campbell's vehicle as he entered the intersection from Westside Boulevard; (3) the traffic control signal facing Mr. Campbell was green as he entered the intersection; (4) Deputy Bailey was not at the intersection when the accident occurred.

Louisiana Revised Statute 32:300.3(D) clearly provides that a law enforcement agency cannot be held liable for any violation of the statute "if the operator of a motor vehicle fails to exercise due care while participating in a funeral procession." Relying on the undisputed facts and circumstances of this case, the district court found that La. R.S. 32:300.3 was applicable and eliminated any duty of the Sheriff to Ms. Lewis or to Mr. Campbell "as a result of the type of accident that occurred during this funeral procession." The district court concluded that the Sheriff's duty did not encompass anything more than what was done, *i.e.*, escorting the funeral procession through the intersection.

From our *de novo* review of the evidence submitted for purposes of the motion for summary judgment, we find that the Sheriff met his burden of pointing out the absence of factual support for one or more elements essential to Ms. Lewis's negligence claim. However, the evidence upon which Ms. Lewis relied was insufficient to establish a genuine issue of material fact as to any duty on the part of the Sheriff to secure the intersection in question. Therefore, Ms. Lewis has not presented evidence sufficient to establish that she can meet her evidentiary burden at trial. Accordingly, summary judgment in favor of the Sheriff was property granted by the district court.

12

## CONCLUSION

For the above and foregoing reasons, we affirm the February 20, 2020 judgment of the district court, granting summary judgment in favor of defendant, Jerry J. Larpenter, in his capacity as Sheriff of Terrebonne Parish, and dismissing, with prejudice, all claims filed by plaintiff, Thelma Lewis, against the Sheriff. We assess all costs of this appeal against appellants, Safeway Insurance Company of Louisiana, Corey Campbell, and Zane Campbell.

**AFFIRMED.**